IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LONNIE GREEN                                                    PLAINTIFF

v.                                1:09CV00029HLJ

RICHARD SHEPPARD, et al.                              DEFENDANTS

**MEMORANDUM AND ORDER**

I.  Introduction

      This matter is before the Court on the defendants' motion for summary judgment (DE #24), together with their brief and statement of facts in support (DE ##25-26).  By Order dated December 7, 2009, this Court directed plaintiff to file a response to the motion within ten days of the date of the Order (DE #27).   Plaintiff failed to file a response, and instead filed a motion for the Court to order that he receive a free-world medical exam (DE #29).  Defendants then filed a motion to dismiss, with brief in support, based on plaintiff's failure to file a response to the summary judgment motion (DE ##31, 32).

      Plaintiff is an inmate incarcerated at the Independence County Detention Facility (Jail), who filed this action as a pretrial detainee pursuant to 42 U.S.C. § 1983 against defendants, alleging failure to properly treat a medical condition and failure to respond to grievances.  Specifically, plaintiff alleges defendant Sheppard "downgraded" plaintiff's complaints and failed to respond to his grievances.  He alleges defendant Dowell failed to rectify the situation, and also failed to respond to his grievances.  Finally, plaintiff alleges defendant Nurse Barnett failed to adequately treat his medical needs.  Plaintiff asks for monetary relief from the defendants.

      According to plaintiff's complaint and the defendants' statement of indisputable material facts (including nurse's notes and the grievances filed by plaintiff), plaintiff was booked into the Jail on

1

March 13, 2009. On March 20, 2009, defendant Barnett treated plaintiff for complaint of soreness to a homemade tattoo on his left leg. Redness, but no drainage was noted by defendant, and plaintiff was given tri-biotic ointment to keep in his cell and use. Plaintiff complained on May 4, 2009 about aching in his lower legs, but denied injury or discomfort at the time of examination. Defendant Barnett noted no edema, redness or bruising, and that plaintiff had complete range of motion and "cap refill good to all extremities." DE #26, Ex. 3. Plaintiff again was examined by defendant Barnett on May 11, 2009 for complaint of soreness in his lower legs and itching/rash on his feet. Plaintiff was diagnosed with Athlete's foot and was given tolnaftate to keep in his cell and use. Defendant noted plaintiff's extremities had "good cap refill," and noted no edema, bruising or redness.

Plaintiff complained on June 18, 2009 that he requested Tylenol at 9:00 p.m. for leg pain, but that Officer Woods told him Tylenol was a privilege. Plaintiff filed a complaint about this incident and defendant Sheppard responded, "I have spoke with Officer Wood concerning this matter and it will be taken care of." DE #26, Ex. 4. On July 2, 2009, plaintiff filed a complaint that he had not received his "indigents" for two weeks in a row, and defendant Sheppard responded that the indigent envelopes are handed out on Thursday and Fridays. Plaintiff again complained on July 9, 2009, concerning a knot on his lower back. This complaint was referred by defendant Sheppard to medical.

## II. Summary Judgment Motion

A. Defendants' Motion

In their motion for summary judgment, defendants state plaintiff can not support his claim for official capacity liability against them, because he has not alleged that their actions were the result of an unconstitutional policy of the County. With respect to plaintiff's allegations against them in their individual capacities, defendants state plaintiff's complaint of denial of medical care is refuted by the

medical evidence presented, and that plaintiff is dissatisfied with the particular course of medical care provided to him. In addition, defendants state plaintiff has not established that he suffered from a serious medical need. Defendants cite <u>Dulany v. Carnahan</u>, 132 F.2d 1234, 1239 (8th Cir. 1997), where the Court held that "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." Defendants state plaintiff's complaints against defendant Barnett – that he conducted "rudimentary" medical exams, failed to recognize his true symptoms or make a doctor's appointment, and never prescribed him so much as Tylenol – demonstrates a dissatisfaction with his course of treatment and not deliberate indifference to serious medical needs. In addition, with respect to plaintiff's allegations concerning defendants' alleged failure to respond to grievances, defendants state there is no constitutional right to the answering of grievances, citing <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993). Finally, defendants note that plaintiff has not alleged, nor has he proven, that he suffered any actual physical injury as a result of the defendants' alleged actions. Defendants note that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires a prisoner plaintiff to show physical injury in order to recover damages pursuant to § 1983.

B. <u>Plaintiff's Response</u>

Plaintiff has failed to file a response in opposition to the defendants' motion, and fails to refute their Statement of Indisputable Material Facts. However, plaintiff did file a motion for an outside medical examination, in which he states, "I believe I have a just and foremost case here for medical negilence (sic) and the fact that there was never a responce (sic) on my grievances form."

C. <u>Standard of Review</u>

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

Although pretrial detainee claims are analyzed under the Fourteenth Amendment Due Process clause, rather than the Eighth Amendment [Johnson-El v. Schoemehl, 878 F.2d 1043 (8th Cir. 1989)], courts apply the same Eighth Amendment deliberate indifference standard to these situations. See Whitnack v., Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Pursuant to that standard, in order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th

Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

With respect to plaintiff's allegations against defendants in their official capacity, the Court agrees with the defendants that plaintiff does not allege that any particular policy or practice of the County was the cause of defendants' alleged actions. Furthermore, with respect to the allegations against defendants in their individual capacities, the Court initially notes that plaintiff has failed to establish that he suffered a serious medical need. Although he complained on three occasions about pain to his lower legs, the results of defendants' examinations were that plaintiff's extremities appeared normal. In addition, following those three occasions, it does not appear that plaintiff filed additional complaints concerning such pain. Paintiff does not present any evidence or allegations to support a finding of deliberate indifference to his needs by defendants. Rather, he states in his motion for an outside examination that he has a case of medical negligence against defendants. However, as noted above, negligence allegations do not support a finding of deliberate indifference. The fact that plaintiff

was examined on numerous occasions also rebuts any such allegations. In addition, the fact that plaintiff did not receive the medication he requested does not in and of itself establish deliberate indifference. As noted above, plaintiff can not create a question of fact by stating he did not receive adequate treatment, in the face of medical records indicating that treatment was provided. See Dulany, supra.

In addition, as noted by the defendants, any failure to respond to a grievance does not support a constitutional violation. See Buckley v. Barlow, supra.

Finally, according to Local Rule 56.1 of the Eastern and Western Districts of Arkansas, which governs summary judgment motions, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Therefore, in light of the facts set forth by the defendants in their summary judgment motion, and the lack of response by the plaintiff, the Court finds that no dispute of material fact exists and that defendants are entitled to summary judgment as a matter of law. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #24) is hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS FURTHER ORDERED that all other pending motions are hereby DENIED as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 23rd day of December, 2009.

/s/ Henry L. Jones, Jr.
_____
United States Magistrate Judge